IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. JEFFERY NICOLAIDES, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) No. 11 C 875 ) |
| DAVE REDNOUR, Warden, Menard Correctional Center, | ) ) ) |
| Respondent. | ) ) |

# MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Petitioner Jeffery Nicolaides' (Nicolaides) petition for writ of *habeas corpus* (Petition). For the reasons stated below, the court denies the Petition.

# BACKGROUND

In 2006, a jury convicted Nicolaides in Illinois state court of first degree murder and he was sentenced to a prison term of thirty-eight years. Nicolaides appealed the conviction, contending that he was arrested without probable cause and that the trial court improperly denied his motion to suppress his videotaped

confession. On June 30, 2008, the Illinois Appellate Court held that Nicolaides' arrest was unlawful because the police lacked probable cause. The Illinois Appellate Court vacated the conviction and sentence and remanded the case for a hearing to assess whether Nicolaides' inculpatory statements while in police custody were attenuated from the illegal arrest. At the remanded attenuation hearing, the state trial court found that the inculpatory statements made by Nicolaides while in police custody were sufficiently attenuated from his unlawful arrest and subsequently reinstated the first degree murder conviction.

On May 11, 2010, the Illinois Appellate Court affirmed the trial court's finding that the inculpatory statements were sufficiently attenuated from his unlawful arrest. Nicolaides then filed a petition for leave to appeal (PLA) in the Illinois Supreme Court. On September 29, 2010, the Illinois Supreme Court denied the PLA. On February 8, 2011, Nicolaides filed the instant *pro se* Petition.

**LEGAL STANDARD**

An individual in custody pursuant to state court judgment may seek a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, which provides the following:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or

involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  The decision made by a state court is deemed to be contrary to clearly established federal law "'if the state court applies a rule different from the governing law set forth in [Supreme Court] cases, or if it decides a case differently than [the Supreme Court has] done on a set of materially indistinguishable facts.'" *Emerson v. Shaw*, 575 F.3d 680, 684 (7th Cir. 2009)(quoting *Bell v. Cone*, 535 U.S. 685, 694 (2002)).  The decision by a state court is deemed to involve an unreasonable application of clearly established federal law "'if the state court correctly identifies the governing legal principle from [Supreme Court] decisions but unreasonably applies it to the facts of the particular case.'"  *Emerson*, 575 F.3d at 684 (quoting *Bell*, 535 U.S. at 694).

## DISCUSSION

Nicolaides presents two claims in his Petition: (1) that his arrest was not supported by probable cause, and (2) that his inculpatory statements made while in police custody were not sufficiently attenuated from his unlawful arrest.

I.  Initial Unlawful Arrest

Nicolaides argues that the police lacked probable cause to support his

warrantless arrest.  The Illinois Appellate Court already concluded that Nicolaides was initially arrested without probable cause.  The attenuation hearing and subsequent rulings by the state courts held that there was a separate basis to convict Nicolaides for his crime apart from evidence obtained through his initial arrest.  As the Illinois Appellate Court indicated, the mere fact that an arrest is unlawful does not automatically render any subsequent inculpatory statement inadmissible.  (Ex. H 6).  Thus, Nicolaides' arguments concerning his initial arrest do not provide a basis for challenging his conviction.

In addition, in federal *habeas* proceedings, a claim is noncognizable if the state has provided "an 'opportunity for full and fair litigation of a Fourth Amendment claim in state court. . . ." *Ben-Yisrayl v. Buss*, 540 F.3d 542, 552 (7th Cir. 2008)(citing *Stone v. Powell,* 428 U.S. 465, 481-82 (1976)(indicating in addition that "[a]s a general principle, absent a subversion of the hearing process, [the Court] will not examine whether the state courts made the right decision").  The lawfulness of Nicolaides' arrest was brought before the Illinois appellate court twice and the court ultimately determined that the conviction was proper despite the lack of probable cause for the initial arrest.  The court also concluded that by the time that Nicolaides was given *Miranda* warnings and made the inculpatory statements, the police possessed the necessary probable cause.  (Ex. H 7-9).  The state courts provided thorough and well-reasoned analyses for their rulings and applied the appropriate law.  Nicolaides has not shown that he had been denied a full and fair opportunity to present his claims on the issue.  Thus, he has not shown that he is entitled to *habeas*

relief on the issue of probable cause.

II. Attenuation of Statements from Unlawful Arrest

Nicolaides also argues in the Petition that his inculpatory statements made while in police custody were not sufficiently attenuated from his unlawful arrest. The record shows that Nicolaides was given a full and fair opportunity to present his claim to the state courts. In addition, the state trial court engaged in a thorough evaluation of the record in assessing the attenuation issue. In reviewing the trial court's finding of sufficient attenuation, the Illinois Appellate Court evaluated factors such as the fact that Nicolaides was not continuously interrogated, the passage of time after the initial arrest that Nicolaides had for consideration before making the inculpatory statements, the access Nicolaides had to food and drink, and the amenities that were available to him for sleeping. (Ex. H. 7). The appellate court examined the facts and determined that the totality of the circumstances demonstrated that probable cause arose independently of Nicolaides' arrest while he was in custody, thus curing any alleged defect caused by the unlawful arrest. The appellate court thoroughly evaluated the necessary facts of the case, applied the appropriate law and rendered a decision consistent with precedent. Thus, Nicolaides has not shown that the proceedings before the appellate court denied him a full and fair opportunity to litigate his claims.

Nicolaides has not shown in his Petition in regard to either of his claims that his criminal case resulted in a decision that was contrary to, or involved an

unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Therefore, the Petition is denied.

## CONCLUSION

Based on the foregoing analysis, the court denies the Petition.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: August 29, 2011