# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 875 | **DATE** | 11/30/2011 |
| **CASE TITLE** | Jeffery Nicolaides ®-53682) vs. David A Rednour | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Petitioner's motions for extension of time to file a notice of appeal and certificate of appealability are denied.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

This matter is before the court on Jeffery Nicolaides' (Nicolaides) motion for an extension of time to file a notice of appeal and his request for a certificate of appealability. On August 29, 2011, the court denied Nicolaides' petition for a writ of *habeas corpus* (Petition) brought pursuant to 28 U.S.C. § 2254, and judgment was entered on August 30, 2011.

On October 27, 2011 Nicolaides filed a *pro se* "late notice of appeal," in which Nicolaides requests leave to file an untimely appeal. (Mot. 1). Pursuant to Federal Rule of Appellate Procedure 4, "[i]n a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after the judgment or order appealed from is entered." *Id.* A district court is authorized to extend the deadline for filing a notice of appeal "if: . . . a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and . . . regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause." *Id.*

Nicolaides contends that he was unable to file a timely notice of appeal because he was in lockdown at his place of incarceration and was prevented from accessing the prison law library or "a person trained in

# STATEMENT

law." (Mot. 1). However, Nicolaides has not shown that he was physically unable to file court documents during the relevant period. Nor was Nicolaides entitled to legal assistance in this civil habeas action. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)(stating that in regard to appealing a criminal conviction "the right to appointed counsel extends to the first appeal of right, and no further"); *Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997)(indicating that there is no right to appointed counsel in federal habeas proceedings). In addition, Nicolaides has not explained why he needed legal advice to prepare a notice of appeal indicating his intent to pursue an appeal, which required no legal arguments or legal support. Nicolaides has not shown excusable neglect or good cause for his untimely filing of his notice of appeal. Therefore, the motion for an extension to file an untimely appeal is denied.

Although Nicolaides' appeal is untimely, even if Nicolaides had filed the appeal in a timely fashion, to the extent that it operates as a request for a certificate of appealability, the court would deny the request. *See West v. Schneiter*, 485 F.3d 393, 394-95 (7th Cir. 2007)(stating that "[a] notice of appeal acts as a request for a certificate whether or not the prisoner files a separate application"). If a court denies a petition for writ of *habeas corpus* and the petitioner wishes to appeal, thereby challenging the decisions made by the state trial courts, the petitioner must first attempt to obtain a certificate of appealability from the district court. 28 U.S.C. § 2253(c). A district court should only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must also show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDonnell*, 529 U.S. 473, 484 (2000)(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). When a petitioner's request is premised solely upon the filing of a notice of appeal, the petitioner "is hard put to meet the statutory standard. . . ." *West*, 485 F.3d at 394-95 (stating that "[a] notice of appeal does not give reasons, and a silent document rarely constitutes a substantial showing of anything")(internal quotations omitted).

Nicolaides argued in the Petition that the police lacked probable cause to support his warrantless arrest. As indicated in this court's prior ruling, there was sufficient evidence indicating that the police possessed probable cause and the

| STATEMENT |
|---|

state courts provided thorough and well-reasoned analyses for their rulings and applied the appropriate law. Nicolaides has not shown that reasonable jurists could debate whether the Petition should have been resolved differently on that issue and has not shown that the issue deserves encouragement to proceed further on appeal.

Nicolaides also argued in the Petition that his inculpatory statements made while in police custody were not sufficiently attenuated from his unlawful arrest. As indicated in this court's prior ruling, the state courts properly concluded that the inculpatory statements were sufficiently attenuated. The appellate court thoroughly evaluated the necessary facts of the case, applied the appropriate law, and rendered a decision consistent with precedent. Nicolaides has not shown that reasonable jurists could debate whether the Petition should have been resolved differently on that issue and has not shown that the issue deserves encouragement to proceed further on appeal. Nicolaides has not made a substantial showing of the denial of a constitutional right and has not shown that a certificate of appealability is warranted in this case. Thus, even if Nicolaides had filed a timely appeal, the request for a certificate of appealability would be denied.