# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 875 | **DATE** | 1/6/2012 |
| **CASE TITLE** | Jeffery Nicolaides (R-53682) vs. David A Rednour | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Petitioner's motion for reconsideration or alternatively, relief pursuant to Rule 60 [23] is denied. Petitioner's motion for leave to appeal in forma pauperis [24] is denied.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

This matter is before the court Petitioner Jefferey Nicolaides' (Nicolaides) *pro se* motion for reconsideration and motion for leave to proceed on appeal *in forma pauperis*. On August 29, 2011, the court denied Nicolaides' petition for writ of *habeas corpus* (Petition) brought pursuant to 28 U.S.C. § 2254, and judgment was entered on August 30, 2011. On October 27, 2011, Nicolaides filed a *pro se* "late notice of appeal," in which Nicolaides requested leave to file an untimely appeal. (Mot. 1). On November 30, 2011, this court denied the motion. Nicolaides now requests that the court reconsider its November 30, 2011 ruling.

Nicolaides contends that he has been assisted in these proceedings by a "JAILHOUSE LAWYER," who he also refers to as a "prisoner at law." (Recon. 2). Nicolaides asserts that, based on the counsel from such individual, Nicolaides believes that this court committed manifest error in denying the Petition and his motion. (Recon. 10). However, Nicolaides fails to show that the court erred in denying his Petition and his motion to file an untimely appeal.

Nicolaides also argues that this court held his *pro se* filings to the same standard as is applied to filings by attorneys. Throughout these proceedings the court has liberally construed Nicolaides' filings and

| STATEMENT |
|---|

has not held them to the same stringent standard applied to those prepared by attorneys. Even when liberally construing Nicolaides' *pro se* filings, he had not shown that his Petition should be granted as indicated in this court's decision denying the Petition, or that he was entitled under the law to bring an untimely appeal as indicated in this court's decision denying his motion.

Nicolaides also states in his motion for reconsideration that he has demonstrated a substantial showing of a denial of his constitutional rights. (Recon. 5). Nicolaides, however, has made conclusory arguments. Nicolaides has failed to show that his constitutional rights were violated and has failed to demonstrate a substantial showing of a denial of his constitutional rights. To the extent that Nicolaides is requesting a certificate of appealability, the court already indicated in its prior ruling that a certificate of appealability was not warranted in this case and Nicolaides has not advanced any meritorious arguments in his motion for reconsideration to show that he should be granted a certificate of appealability. Therefore, the motion for reconsideration is denied.

Nicolaides also moves to proceed on appeal *in forma pauperis*. Nicolaides indicates that in the last 12 months he received an average of $172 per month in income and that he expects in the future to receive an average of $130 per month in income. Nicolaides is incarcerated and is provided with the necessities of life. *See Lumbert v. Illinois Dept. of Corrections*, 827 F.2d 257, 260 (7th Cir. 1987)(stating that the plaintiff inmate was "not being asked to give up any necessities of life; they in any event [were] being bought for him by the State of Illinois"). The only expenses listed by Nicolaides are expenses for recreation, entertainment, newspapers, magazines, etc. Based on the financial information provided, Nicolaides should be able to pay the filing fee if he desires to proceed with this action on appeal as he has not shown that he is sufficiently indigent to warrant granting his motion to proceed on appeal *in forma pauperis*. Therefore, the motion to proceed on appeal *in forma pauperis* is denied.